Opinion by
Will-son, J.
§ 419. Fire communicated by railroad engine; evidence held insufficient to proye that fire originated from engine; case staled. Appellee recovered judgment against appellant for $168 damages for the destruction of his grass, rails and fruit trees, by fire, alleged to have been communicated from appellant’s engine. There was sufficient proof of the destruction and damage done by fire. There was no direct evidence as to the origin of the fire. It was discovered in a few minutes after the passage of the engine, and on previous occasions appellee’s grass had been fired by passing engines. The circumstantial evidence was sufficient, perhaps, to establish, prima facie, that the fire originated from the engine, and, in the absence of any rebutting evidence, might warrant the jury in so finding. [W. & W. Con. Rep. § 836.] But in this case there was strong rebutting evidence that the fire was not communicated from the engine, but was communicated by a negro, who was seen at the very spot, and only a few minutes before the fire, broke out, in the act, apparently, of striking a match to light his pipe. It was also proved that at this point the engine was traveling on a down grade, with the steam all shut off, leaving no chance for the escape of fire. Held: The weight of the evidence is against the conclusion that the fire originated from the engine.
§ 420. Negligence; burden of proof of. In this case, even admitting that the fire originated from the engine, the burden of proof was upon the plaintiff to show that it was caused by the negligence of the defendant or its employees. [W. & W. Con. Rep. §§ 653, 837.] The only evidence tending to prove negligence was, that on previous occasions plaintiff’s grass in that locality had been *371 fired from defendant’s engines passing along its line of road, but whether said engines, at the time, were going up grade or down, was not shown. In rebuttal of this slight evidence of negligence, it was proved that on this particular occasion the engine was going down grade, with all steam shut off, and was supplied with the most improved spark-arresters, etc., and could not, a.nd did not, emit any fire in its course along the track at this point. Held, that this evidence was insufficient to prove negligence.
November 12, 1884.
§ 421. Same; charge of the court. Upon the question of negligence the defendant requested the following instruction, which was refused: “The jury are charged that it is incumbent on Hart, the plaintiff, to prove negligence on the part of the railroad company in order to entitle him to recover in this case.” This is certainly correct law, and was demanded by the facts in the case. It was refused upon the ground that it was embraced substantially in the charge given by the court. In the charge given, the jury were told, in a general way, that they must believe from the evidence that the fire was caused by negligence of the defendant, but the jury was not instructed that the burden of making this proof was upon the plaintiff. Defendant was entitled to the direct and affirmative charge requested, and the court erred in refusing it.
Reversed and remanded.